UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL DANIEL CHEBETAR,

       Plaintiff,

                                     CASE NO. 15-CV-10867
v.                                     HONORABLE GEORGE CARAM STEEH

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

_____/

ORDER GRANTING PLAINTIFF'S APPLICATION TO
PROCEED IN FORMA PAUPERIS, DENYING APPLICATION
FOR APPOINTMENT OF COUNSEL, DISMISSING COMPLAINT
WITHOUT SERVICE AND DENYING ANY APPEAL IN FORMA PAUPERIS

      Plaintiff Paul Daniel Chebetar filed this action *pro se* against the Commissioner of Social Security. Plaintiff filled out a "Petition For Judicial Review Of The Decision Of The Commissioner Of Social Security," but he does not seek review of any decision of the Commissioner. Plaintiff's complaint contends that "[t]he Internal Revenue Service, the U.S. Department of Justice and Social Security all conspired to deprive plaintiff of his rights under USC 42 and USC 26 7433." Describing the cause of action on the civil cover sheet provided by the court, plaintiff states that he was "[p]revented from earning a lawful living and unable to earn credits for disability." Apparently, plaintiff is claiming that he was wrongfully terminated from a contracting job he held in 2002 because he was improperly deemed to be a "tax protestor" by the IRS, which showed up in his credit reports, and somehow this affected his citizenship status and eligibility for Social Security benefits. Plaintiff seeks "to be credited for missing credits and full disability."

-1-

Although federal courts hold the *pro se* complaint to a less stringent standard than those drafted by attorneys, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), under 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on defendants if it is satisfied that the action is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from defendants who are immune from such relief.  To state a claim upon which relief can be granted, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The standard under Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  This requires "factual enhancement" amounting to more than "naked assertions." *Id.*

Aside from the fact that plaintiff's complaint is unintelligible and fails to assert any viable claims or legal theories against the Commissioner of Social Security, plaintiff's complaint repeats allegations that have been rejected in prior lawsuits.  In 2004, plaintiff sued the United States alleging that the IRS "denied him the right to earn a living; that he lost his citizenship; that his social security card was invalidated; that the Justice Department classified Plaintiff as not having a right to work; that his credit report was negatively impacted, all of which resulted in the termination of his employment." *See Chebetar v. United States*, No. 04-cv-60164 (E.D. Mich.) (Battani, J.) (Doc. #21, Order Adopting Magistrate Judge's Report and Recommendation And Granting Def's. Mot. To Dismiss).  Plaintiff's complaint was dismissed for failure to state a claim.  Addressing plaintiff's claim under 26 U.S.C. § 7433, Judge Battani reasoned that plaintiff's claim that he was wrongfully

-2-

assessed tax penalties did not fall within the scope of § 7433, which only applies to improper collection activity. *Id.* (citing cases).

Plaintiff filed another action naming the United States as defendant in 2013 making the same allegations. *See Chebetar v. United States*, No. 13-cv-13038 (E.D. Mich.) (O'Meara, J.). In that action, plaintiff complained that the IRS deprived him of the right to earn a living since 1986. No. 13-13038 (Doc. #13, Order Granting Def's. Mot. To Dismiss). Plaintiff alleged that he was audited by the IRS in 1988 and 1989, but that he was never released from the audit after he paid his taxes. In addition, plaintiff challenged his characterization in IRS files as a "tax protester." Addressing plaintiff's claim under 26 U.S.C. § 7433, Judge O'Meara stated that "Plaintiff has not demonstrated that he has exhausted his administrative remedies with the IRS." *Id.* In addition, Judge O'Meara determined that plaintiff's claim was barred by the two-year statute of limitations period in 26 U.S.C. § 7433(d)(3). *Id.*

Here, even if plaintiff named the proper defendant and asserted a viable legal theory, which he does not, plaintiff's claims have already been rejected twice before. Plaintiff does not allege anything different than the prior lawsuits which were dismissed for failure to state a claim. Instead, plaintiff substitutes the Commissioner of Social Security in place of the United States as defendant. But there are no allegations that state a claim against the Commissioner of Social Security.

IT IS ORDERED that plaintiff's application to proceed *in forma pauperis* (Doc. #2) is GRANTED, plaintiff's application for appointment of counsel (Doc. #3) is DENIED and plaintiff's request for service (Doc. #4) is DENIED. IT IS FURTHER ORDERED that plaintiff's case is DISMISSED. Based on the preceding order, this court certifies that any

appeal from this decision would be frivolous, not in good faith and, therefore, pursuant to 28 U.S.C. § 1915(a)(3), may not be taken *in forma pauperis.*

IT IS SO ORDERED.

Dated: March 23, 2015

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon Paul Chebetar, 1325 Chene, Apt. 410, Detroit, MI 48207 on March 23, 2015, by ordinary mail.

s/Marcia Beauchemin  
Deputy Clerk

---